UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


JOHN HENRY HOLMES

VERSUS

FARMERS INSURANCE COMPANY,
ET AL

CIVIL ACTION

NUMBER 13-39-BAJ-SCR

## ORDER ON MOTION FOR LEAVE TO AMEND CLAIM

Before the court is the plaintiff's Motion for Leave to File Second Supplemental and Amending Complaint. Record document number 8. Although the motion states that the defendants object to the plaintiff's proposed amendment, no defendant filed an opposition or other response to the motion.

Plaintiff seeks to join Safeway Insurance Company of Louisiana ("Safeway") as a defendant. Plaintiff's proposed Second Supplemental and Amending Complaint alleges that Safeway is a "domestic company and/or corporation ... with its principal place of business in the State of Louisiana..." and which provided uninsured/underinsured motorist coverage to the plaintiff.[1]

This court's subject matter jurisdiction is based on diversity

---

[1] Record document number 8-1, ¶¶ I, VII(a). However, the proposed Second Supplemental and Amending Complaint does not allege that the plaintiff's damages exceed the liability insurance coverage provided by the insurance policy issued by defendant Farmers Insurance Company. It is not clear whether the plaintiff already has the Farmers's policy limit information since the parties waived making initial disclosures. See record document number 9, Status Report, p. 4, Section G.1.B.

of citizenship under 28 U.S.C. § 1332. Plaintiff is a Louisiana citizen. Joining Safeway, which is also a Louisiana citizen, would destroy subject matter jurisdiction and require remanding this case to the state court. Plaintiff's motion does not mention, much less address, 28 U.S.C. § 1447(e), which provides as follows:

> If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court.

Plaintiff did not cite *Hensgens v. Deere & Company*, 833 F.2d 1179 (5th Cir. 1987), appeal after remand, 869 F.2d 879 (5th Cir. 1989), or a similar case, or address the factors which *Hensgens* directs this court to consider in deciding whether to grant a motion for leave to amend when doing so will require remanding the case.[2] *See*, *Depriest v. BASF Wyandotte Corp.*, 119 F.R.D. 639 (M.D.La. 1988).

Therefore;

---

[2] In this situation, justice requires that the district court consider a number of factors to balance the defendant's interests in maintaining the federal forum with the competing interests of not having parallel lawsuits. For example, the court should consider the extent to which the purpose of the amendment is to defeat federal jurisdiction, whether plaintiff has been dilatory in asking for amendment, whether plaintiff will be significantly injured if amendment is not allowed, and any other factors bearing on the equities.

*Hensgens*, 833 F.2d at 1182.

2

IT IS ORDERED that the plaintiff shall have 14 days to file a memorandum of law supporting his Motion for Leave to File Second Supplemental and Amending Complaint.  Defendants shall then have seven days after the plaintiff files his memorandum to file a response.  **Failure to timely file a supporting memorandum will result in the denial of the plaintiff's motion.**

Baton Rouge, Louisiana, April 30, 2013.

/s/ Stephen C. Riedlinger
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE